# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JONATHAN A. SLAIKEU,

        Plaintiff,

    v.

DARREN WITHROW, et al.,

        Defendants,

Case No. 3:25-cv-00063-SLG

## SCREENING ORDER

On March 28, 2025, self-represented prisoner Jonathan A. Slaikeu ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and a declaration.[1] On April 5, 2025, Plaintiff filed a motion to file an amended complaint with a proposed amended complaint.[2] On May 15, 2025, Plaintiff filed another motion to file an amended complaint and attached a proposed amended complaint.[3] Although the Court had not yet ruled on Plaintiff's motion to file an amended complaint, Plaintiff filed another motion to allow an amended complaint to be filed on May 28, 2025 but did not attached a proposed amended complaint to that motion.[4]

---

[1] Dockets 1-4.

[2] Docket 5.

[3] Dockets 7, 7-1.

[4] Docket 8.

Plaintiff's motion to file an amended complaint at Docket 7 is GRANTED. The Court therefore considers the Amended Complaint at Docket 7-1 to be the operative complaint. Because an amended complaint replaces the prior complaint in its entirety,[5] the Court need not consider any facts or arguments from any earlier filings.

The Amended Complaint at Docket 7-1 claims on or about May 21, 2024, Defendant Darren Withrow authorized a body cavity search, during which one of the seven correctional officers involved sexually assaulted him by inserting his hand into Plaintiff's anus. For relief, Plaintiff requests $25,000,000 in compensatory damages, $34,500,000 in punitive damages, and a declaration that all named Defendants must be immediately terminated and arrested for participating in or covering up the alleged sexual assault.[6]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order.

## SCREENING STANDARD

---

[5] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[6] Docket 7-1 at 5.

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 2 of 17
Case 3:25-cv-00063-SLG    Document 9    Filed 06/30/25    Page 2 of 17

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[9] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters

---

[7] 28 U.S.C. §§ 1915, 1915A.

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[10] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 3 of 17
Case 3:25-cv-00063-SLG    Document 9    Filed 06/30/25    Page 3 of 17

of judicial notice.[11] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[12]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[13] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[15] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[16] To determine whether a complaint

---

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[13] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[15] Fed. R. Civ. P. 8(a)(2).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 4 of 17
Case 3:25-cv-00063-SLG   Document 9   Filed 06/30/25   Page 4 of 17

states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[17] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[19] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[20]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or

---

[17] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[18] *Ashcroft,* 556 U.S. at 678.

[19] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[20] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 5 of 17
Case 3:25-cv-00063-SLG    Document 9    Filed 06/30/25    Page 5 of 17

federal statutes.[21]  To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[22]  To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[23]  Section 1983 does not confer constitutional or federal statutory rights.  Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[24]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[25]  A supervisor can be held liable in his individual capacity under §1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[26]

---

[21] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[22] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[23] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[24] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[25] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[26] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 6 of 17
Case 3:25-cv-00063-SLG    Document 9    Filed 06/30/25    Page 6 of 17

Accepting the facts as alleged in the Complaint as true and construing the claims in the light most favorable to Plaintiff—as the Court must at the screening stage—Plaintiff has alleged sufficient facts that could constitute a plausible unreasonable search claim under the Fourth Amendment or an excessive force claim under the Eighth Amendment.[27] However, the form of the Complaint does not conform with Rule 10(b) of the Federal Rules of Civil Procedure. Rule 10(b) requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." This means that a complaint must consist of short, continuously numbered paragraphs, and each paragraph should contain only one distinct set of factual allegations. This format enables the party responding to a complaint to admit or deny each separate factual allegation by paragraph. Rule 10(b) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint . . . name all the parties" and a complaint must allege in specific terms how each named defendant caused a specific harm to the plaintiff.[28] Vague and conclusory allegations of constitutional violations are not sufficient.[29]

---

[27] *Bearchild*, 947 F.3d at 1144 (noting "an inmate need not prove that an injury resulted from sexual assault in order to maintain an excessive force claim under the Eighth Amendment.").

[28] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[29] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 7 of 17
Case 3:25-cv-00063-SLG    Document 9    Filed 06/30/25    Page 7 of 17

### A. Unreasonable Strip Searches

Decisions regarding prison security are "peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."[30] "[C]orrectional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities," and such a policy "must be upheld 'if it is reasonably related to legitimate penological interests.' "[31] Nonetheless, deference to prison officials is unwarranted where search methods are unreasonable.[32] Courts have addressed searches under both the Fourth and Eighth Amendments, which have different standards as discussed further below.

### *1. Fourth Amendment*

The Fourth Amendment guarantees "[t]he right of the people to be secure . . . against unreasonable searches and seizures." "This right extends to incarcerated prisoners; however, the reasonableness of a particular search is

---

[30] *Pell v. Procunier,* 417 U.S. 817, 827 (1974); s*ee also Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington,* 566 U.S. 318, 326 (2012) ("The difficulties of operating a detention center must not be underestimated by the courts.").

[31] *See Turner v. Safley,* 482 U.S. at 89).

[32] *Shorter v. Baca,* 895 F.3d 1176, 1189 (9th Cir. 2018).

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 8 of 17
Case 3:25-cv-00063-SLG     Document 9     Filed 06/30/25     Page 8 of 17

determined by reference to the prison context."[33]  The Supreme Court has held that strip searches and body cavity searches of prisoners are constitutionally permissible so long as they are reasonable;[34] but strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest," may be unconstitutional.[35]  To analyze a claim alleging a violation under the Fourth Amendment, a court must first determine whether a particular invasion of bodily privacy was reasonably related to a legitimate penological interest.[36]

A court should then apply the balancing test set forth in *Bell v. Wolfish* and consider: (1) the scope of the particular intrusion, (2) the manner in which it was conducted, (3) the justification for initiating it, and (4) the place in which it was conducted to determine whether the search is constitutionally permissible.[37]  There is no doubt that "on occasion a security guard may conduct the search in an abusive fashion," and "[s]uch an abuse cannot be condoned."[38]  However, "[t]he

---

[33] *Michenfelder v. Sumner*, 860 F.2d 328, 332–33 (9th Cir. 1988).

[34] *See Bell v. Wolfish*, 441 U.S. 520, 561 (1979).

[35] *Bell v. Wolfish,* 441 U.S. 520, 558-60 (1979); *Michenfelder,* 860 F.2d at 332.

[36] *See, e.g., Rickman v. Avaniti,* 854 F.2d 327 (9th Cir. 1988) (upholding prison policy requiring visual strip and body cavity searches every time administrative segregation prisoners left their cells); *Michenfelder,* 860 F.2d at 332 (upholding a policy calling for a visual bodily cavity search "whenever an inmate leaves or returns to the unit"); *Sandon v. Lewis,* 139 F.3d 907 (9th Cir. 1998) (holding that body cavity search "when [prisoner-plaintiff] returned to his unit after visiting the law library" did not violate Fourth Amendment because "the prisoner may have the opportunity to obtain contraband").

[37] *Bell v. Wolfish,* 441 U.S. 520, 559 (1979).

[38] *Id.* at 560. *See also Michenfelder*, 860 F.2d at 332 (recognizing that strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may violate

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 9 of 17
Case 3:25-cv-00063-SLG     Document 9     Filed 06/30/25     Page 9 of 17

prisoner bears the burden of showing that prison officials intentionally used exaggerated or excessive means to enforce security in conducting a search."[39]

### *2. Eighth Amendment*

The Eighth Amendment prohibits the imposition of cruel and unusual punishment[40] and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.' "[41] A convicted prisoner presents a viable Eighth Amendment claim when he pleads sufficient facts, that if accepted as true, support each of the following elements for each defendant:

(1) The defendant acted under color of law;

(2) The defendant acted without penological justification; and

(3) The defendant touched the prisoner in a sexual manner, engaged in sexual conduct for the defendant's own sexual gratification, or acted for the purpose of humiliating, degrading, or demeaning the

---

the Fourth Amendment).

[39] *Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir.1997).

[40] Claims for injuries or sexual assault while in custody may be brought by convicted prisoners under the Eighth Amendment's Cruel and Unusual Punishment Clause, or, if the claim is pursued by a pre-trial detainee who is not convicted, under the Fourteenth Amendment's Due Process Clause. *Cf. Bell v. Wolfish*, 441 U.S. 520 (1979) (holding that under the Due Process Clause, a pre-trial detainee may not be punished prior to conviction).

[41] *Estelle v. Gamble,* 429 U.S. 97, 102 (1976) (internal citation omitted).

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 10 of 17
Case 3:25-cv-00063-SLG     Document 9     Filed 06/30/25     Page 10 of 17

prisoner.[42]

In a case where the allegation is that a defendant's conduct began as a search that served a legitimate penological purpose, the prisoner must show that the defendant's conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the search.[43] A plaintiff must allege facts that show that a defendant "acted with a sufficiently culpable state of mind, *i.e.*, for the very purpose of inflicting harm, and that the alleged [strip search] was objectively harmful enough to establish a constitutional violation."[44]

### B. Plaintiff cannot bring criminal charges in a civil case

Although Plaintiff seeks to hold Defendants liable for various alleged criminal acts, there is no private right to bring criminal charges against another person in a civil lawsuit.[45] The United States Constitution delegates the powers of the Federal Government into three defined categories: the Legislative Branch, the Executive

---

[42] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.26A and the cases cited therein.

[43] *Bearchild v. Cobban,* 947 F.3d 1130, 1145 (9th Cir. 2020). *See also Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington,* 566 U.S. 318, 330 (2012) ("Correctional officials have a significant interest in conducting a thorough search as a standard part of the intake process."); *Bull v. City & Cnty. of San Francisco*, 595 F.3d 964, 966, 976 (9th Cir. 2010) (upholding a policy "requiring the strip search of all arrestees who were to be introduced into San Francisco's general jail population," because "the greatest opportunity for the introduction of drugs and weapons into the jail occurs at the point when an arrestee is received into the jail for booking and, thereafter, housing").

[44] *Hudson v. McMillian,* 503 U.S. 1, 8 (1992).

[45] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in the United States Code "provide no basis for civil liability").

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 11 of 17
Case 3:25-cv-00063-SLG    Document 9    Filed 06/30/25    Page 11 of 17

Branch, and the Judicial Branch.[46] The Executive Branch of the United States has exclusive authority and absolute discretion to decide whether to prosecute a criminal case.[47] Any amended complaint must not bring claims seeking the criminal prosecution of any defendant.

### C. Plaintiff cannot bring claims for violations of state law or prison policies

Section 1983 does not impose liability for alleged violations of state law[48] or prison policies.[49] In order to state a claim under Section 1983, a prisoner must allege facts that show a violation of his federal constitutional rights, not merely a violation of state law or a prison policy. Although evidence of such violations may bolster a prisoner's claim, a plaintiff cannot bring independent claims alleging violations of state laws or prison policies.

### III. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[50] Any claim not included in the amended complaint will be considered waived. A complaint must allege sufficient factual matter, accepted as true, to state a

---

[46] *Bowsher v. Synar,* 478 U.S. 714, 721 (1986).

[47] *United States v. Nixon,* 418 U.S. 683, 693 (1974).

[48] *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 201-03 (1989).

[49] *See Case v. Kitsap County Sheriff's Dep't,* 249 F.3d 921, 930 (9th Cir.2001) (quoting *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that[the official] violated his constitutional right ....")).

[50] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 12 of 17
Case 3:25-cv-00063-SLG    Document 9    Filed 06/30/25    Page 12 of 17

plausible claim for relief.[51] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If an amended complaint is handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[52]

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

---

[51] Fed. Rule Civ. Proc. 8(a)(2).

[52] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 13 of 17
Case 3:25-cv-00063-SLG    Document 9    Filed 06/30/25    Page 13 of 17

If Plaintiff fails to respond to this order, or if the amended complaint is dismissed as frivolous, malicious, or for failure to state a claim, and this case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court.

### IV. Plaintiff must only communicate with the Court in writing

After receiving reports that Plaintiff made repeated and excessive phone calls to the Clerk's Office, the Court ordered Plaintiff to cease all telephonic communication with the Clerk's Office and only communicate with the Court in writing.[53] The order applies to all of Plaintiff's communication with the Court; it is not specific to a certain case. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion.[54] Plaintiff must only write to the Clerk's office to request copies of the Court's template forms. Such written requests must be limited in scope, specific in nature, and respectful in tone.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion to file an amended complaint at **Docket 7 is GRANTED.**

---

[53] *Slaikeu, et al. v. Deboard, et al.,* Case No. 3:23-cv-00118-SLG, Docket 23 at 4-5.

[54] *See* D. Alaska L. Civ. R. 5.1(f); D. Alaska L. Civ. R 7.4(c)

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 14 of 17
Case 3:25-cv-00063-SLG    Document 9    Filed 06/30/25    Page 14 of 17

2. Plaintiff's Amended Complaint at **Docket 7-1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies that are identified in this order.

3. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

4. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

5. If Plaintiff fails to respond to this order, or if an amended complaint is dismissed as frivolous, malicious, or for failure to state a plausible claim, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[55]

---

[55] *Spencer v. Barajas*, Case No. 24-2441, --- F.4th ----, 2025 WL 1600926 (9th Cir. June 6, 2025).

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 15 of 17
Case 3:25-cv-00063-SLG    Document 9    Filed 06/30/25    Page 15 of 17

6. Plaintiff's application to waive *prepayment* of the filing fee at **Docket 3 is GRANTED.**

7. Plaintiff's motions at **Dockets 5 and 8 are DENIED as moot.**

8. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[56] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee.

9. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[57] Failure to comply may result in dismissal of this action.

10. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[58] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[56] 28 U.S.C. § 1915(b)(1)&(2).

[57] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[58] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 16 of 17
Case 3:25-cv-00063-SLG    Document 9    Filed 06/30/25    Page 16 of 17

11. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

12. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[59] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

13. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

10. Any future communication with the Court by Plaintiff must be in writing.

DATED this 30th day of June, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[59] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Screening Order
Page 17 of 17
Case 3:25-cv-00063-SLG    Document 9    Filed 06/30/25    Page 17 of 17