# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHAN A. SLAIKEU,<br><br>    Plaintiff,<br><br>  v.<br><br>DARREN WITHROW, et al.,<br><br>    Defendants, | Case No. 3:25-cv-00063-SLG |

## SECOND SCREENING ORDER

On June 30, 2025, the Court screened the Complaint filed by self-represented prisoner Jonathan A. Slaikeu (Plaintiff), found it deficient, and accorded Plaintiff leave to file an amended complaint.[1] The Court's Screening Order instructed Plaintiff that order that "[a]n amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible." The Screening Order further specified that the allegations must be "set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint."[2] And the order specified that the amended complaint should be on the Court's form, which was provided to Plaintiff with the order, and has been used by Mr. Slaikeu for many of the civil rights complaints that he has filed in this Court.

---

[1] Docket 9.

[2] Docket 9 at 12.

On July 8, 2025, Plaintiff filed a First Amended Complaint (FAC).[3] Upon review, the FAC is deficient and must be dismissed. It is not on the Court's form; it does not contain numbered paragraphs; it is not fully legible; it lacks margins so that portions of the filing are cut off. Therefore, the FAC at Docket 10 is DISMISSED. Mr. Slaikeu is accorded leave to file one more amended complaint that attempts to correct these deficiencies within **60 days of the date of this order.**

I. **Pending motions filed by Plaintiff**

A. **Docket 11**

Plaintiff's motion to amend his complaint at Docket 11 is DENIED as moot. Plaintiff has been granted leave to file another amended complaint. Plaintiff must include all his claims in an amended complaint and must not attempt to add new claims or defendants by motion or declaration.

B. **Dockets 12 and 14**

Plaintiff's motions for summary judgment at Dockets 12 and 14 are each DENIED. Rule 56 of the Federal Rules of Civil Procedure establishes specific procedural requirements and timelines for filing motions for summary judgment. A plaintiff cannot file a motion for summary judgment before a defendant has been served with a copy of the complaint and court-issued summons. Until the Court has determined that Mr. Slaikeu has stated a valid claim for relief that may proceed

---

[3] Docket 10. Although Plaintiff has filed several amended complaints, as discussed in Docket 9, the Court considers the filing at Docket 10 to be a First Amended Complaint for purposes of screening.

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Second Screening Order
Page 2 of 8
Case 3:25-cv-00063-SLG    Document 17    Filed 10/08/25    Page 2 of 8

and directed service of that complaint upon the defendants, summary judgment is premature.

### C. **Docket 13**

Plaintiff's motion to inform the Court that another prisoner is trying to sabotage this case at Docket 13 is an improper motion and is DENIED for that reason. A motion should ask the Court to enter a specific order; it should not be filed simply to inform the Court of information.

### D. **Docket 15**

Plaintiff's motion to request how much it will cost to get a copy of his complaint to serve on Defendants' attorney at Docket 15 is DENIED. There is no operative complaint in this case, and Plaintiff must not attempt to serve any Defendant until the Court so orders.

### E. **Docket 16**

Plaintiff's motion at Docket 16 asking if the full filing fee has been paid is GRANTED. The Court's finding that Plaintiff may proceed without prepaying the filing fee means the Court collects the $350 statutory filing fee incrementally until paid in full.[4] According to the Court's records, the Court has received three payments totaling $350.[5] Therefore, the full filing fee has been paid in this case.

---

[4] The Court's $405 filing fee includes a $350 statutory filing fee and a $55 administrative fee. The Court does not collect the $55 administrative fee from prisoners granted a waiver of prepayment of the filing fee.

[5] On July 14, 2025, the Court received a $40.39 payment towards the filing fee (receipt number 100022398); and on July 31, 2025, the Court received two payments ($40.39, receipt number 100022452 and $269.22 (receipt number 100022453).

## II. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[6] Any claim not included in the amended complaint will be considered waived. Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

The Second Amended Complaint should be on the Court's form; if it is handwritten, it must be legible and contain at least one inch of margins on all sides of the document. It must consist of continuously numbered paragraphs from beginning to end, with each paragraph containing only one distinct idea, so that a defendant can admit or deny each specific allegation by paragraph.

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order,

---

[6] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Second Screening Order
Page 4 of 8
Case 3:25-cv-00063-SLG   Document 17   Filed 10/08/25   Page 4 of 8

this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike without further notice to Plaintiff for failure to state a claim. A Notice of Voluntary Dismissal does not count as a strike.[7]

### III. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[8] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[9] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[10] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[11] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[12] In

---

[7] *Spencer v. Barajas*, 140 F.4th 1061 (9th Cir. 2025).

[8] 28 U.S.C.A. § 1915(g).

[9] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[10] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[11] *Andrews,* 493 F.3d at 1056 (cleaned up).

[12] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Second Screening Order
Page 5 of 8
Case 3:25-cv-00063-SLG     Document 17     Filed 10/08/25     Page 5 of 8

addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[13]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's First Amended Complaint at **Docket 10 is DISMISSED** with leave to file an amended complaint.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>Second Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   **b.** <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case. A Notice of Voluntary Dismissal does not count as a strike.[14]

3. If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

4. Plaintiff's motions at **Dockets 11-15 are each DENIED.**

---

[13] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[14] *Spencer v. Barajas*, Case No. 24-2441, --- F.4th ----, 2025 WL 1600926 (9th Cir. June 6, 2025).

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Second Screening Order
Page 6 of 8
Case 3:25-cv-00063-SLG   Document 17   Filed 10/08/25   Page 6 of 8

5. Plaintiff's motion at **Docket 16 is GRANTED.**

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[15] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[16] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

8. With this order, the Clerk is directed to send: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

---

[15] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[16] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Second Screening Order
Page 7 of 8
Case 3:25-cv-00063-SLG   Document 17   Filed 10/08/25   Page 7 of 8

10. Any future communication with the Court by Plaintiff must be in writing.

DATED this 8th day of October, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Withrow, et al.*
Second Screening Order
Page 8 of 8
Case 3:25-cv-00063-SLG    Document 17    Filed 10/08/25    Page 8 of 8