# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHAN A. SLAIKEU,<br><br>                    Plaintiff,<br>  v.<br><br>CORRECTIONAL OFFICER LAPLANTE,<br><br>                    Defendant. | Case No. 3:25-cv-00063-SLG |

## SCREENING ORDER AND ORDER DIRECTING SERVICE & RESPONSE

On October 23, 2025, self-represented prisoner Jonathan A. Slaikeu ("Plaintiff") filed a Second Amended Complaint ("SAC").[1] The Court has now screened Plaintiff's SAC in accordance with 28 U.S.C. § 1915(e). Accepting the facts as true and construing the claims in the light most favorable to Plaintiff—as the Court must at the screening stage—the SAC contains sufficient facts to state a claim **but solely against Correctional Officer ("CO") Laplante.**

This case may now proceed to the next stage of litigation; but only Plaintiff's excessive force claim against CO Laplante is sufficient to "sufficient to meet the low threshold for proceeding past the screening stage."[2] The SAC fails to state facts that could plausibly establish liability against any additional defendants. The Court finds that granting Plaintiff leave to file another amended complaint as to all

---

[1] Docket 19.

[2] *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

other remaining Defendants would be futile because Plaintiff has been repeatedly informed of the requirements for stating a claim in a civil action in the many cases he has filed with the Court, he has already filed two amended complaints in this case,[3] and it does not appear that Plaintiff could plead any additional facts that could state a plausible claim against any of the remaining officers. Therefore, Plaintiff's claims against all remaining Defendants are dismissed.

The Court has jurisdiction under 28 U.S.C. § 1331.

The Court granted Plaintiff's motion to proceed without prepaying the filing fee and has now received the full filing fee in this case.[4]

Formal service on Defendant Laplante by the U.S. Marshals is unnecessary because the Attorney General's Office has indicated that the State of Alaska's Department of Law will accept service on behalf of Defendant Laplante.[5]

IT IS THEREFORE ORDERED:

1. Liberally construed, Plaintiff's SAC states a plausible claim against CO Laplante only.

2. Plaintiff's claims against the remaining defendants are **DISMISSED.** The case caption is amended as set forth in this order to identify only CO Laplante

---

[3] *See* Dockets 1, 5, 7, 8,

[4] Docket 9 (granting Plaintiff's application to proceed without prepaying the filing fee at Docket 3); Docket 17 at 3 (confirming that Plaintiff's three incremental payments totaled $350, so the statutory filing fee for this case was paid in full).

[5] *See* District of Alaska Miscellaneous General Order No. 769.

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Laplante*
Screening Order and Order Directing Service & Response
Page 2 of 6
Case 3:25-cv-00063-SLG    Document 25    Filed 03/06/26    Page 2 of 6

as a defendant.

3. Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

4. The Clerk of Court shall immediately mail a copy of this order, the Second Amended Complaint at Docket 18, and the Declaration at Docket 19 to:

> Lauren Johansen
> Assistant Attorney General
> State of Alaska Department of Law
> 1031 West 4th Avenue, Suite 200
> Anchorage, AK 99501-1994

5. Defendant Laplante, represented by the Attorney General for the State of Alaska, shall have **sixty (60) days** from the date of this order to file an Answer or otherwise respond.[6]

6. All future papers sent to the Court must be identified with the name of the Court, the case number, the name of Plaintiff and name of Defendant, and the title of the document.[7] Defendant must include his first and last name in all future filings.

---

[6] *See* Fed. R. Civ. P. 4(d)(3).

[7] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Laplante*
Screening Order and Order Directing Service & Response
Page 3 of 6
Case 3:25-cv-00063-SLG    Document 25    Filed 03/06/26    Page 3 of 6

7. All documents filed conventionally with the Court must contain an original signature.[8] Although handwritten filings are permitted, each filing must be legible, double-spaced, have margins of at least one inch around all text, and be the equivalent to at least 13-point font size with spacing between each line.[9]

8. Self-represented litigants must file all documents conventionally, unless otherwise permitted by an order of the Court.[10] When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document in the electronic case file ("CM/ECF") for the case.

9. After an appearance has been entered by counsel for Defendant Laplante, the Court's NEF ("Notice of Electronic Filing") constitutes service of a filed document on all registered CM/ECF users in this case.

10. Parties who are not registered CM/ECF users and all self-represented parties must be served conventionally.[11]

---

[8] Fed. R. Civ. P. 11.

[9] *See* Local Civil Rule 7.5.

[10] Local Civil Rule 5.3.

[11] Local Rule 5.1 (requiring all documents filed electronically to comply with the Court's *Electronic Filing Procedures Guide* available on the court's website); *see also* U.S. District Court for the District of Alaska, Electronic Case Filing Guide, https://www.akd.uscourts.gov/sites/akd/files/ref_atty_electronicpolicy.pdf (last accessed Jan. 21, 2026) ("Service must be affected conventionally (non-electronic) on *pro se* parties."). *See also* Local Rule 1.1(b)(5) (defining conventional filing as "physically filing a document (i.e. a paper copy) or other item (such as a thumb drive or other physical exhibit) directly with the Clerk, rather than filing electronically via CM/ECF.").

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Laplante*
Screening Order and Order Directing Service & Response
Page 4 of 6
Case 3:25-cv-00063-SLG    Document 25    Filed 03/06/26    Page 4 of 6

11. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

12. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[12] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

13. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to a case. Self-represented litigants may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

---

[12] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00063-SLG, *Slaikeu v. Laplante*
Screening Order and Order Directing Service & Response
Page 5 of 6
Case 3:25-cv-00063-SLG    Document 25    Filed 03/06/26    Page 5 of 6

14. Plaintiff must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[13]

DATED this 6th day of March, 2026, at Anchorage, Alaska.

                                             */s/ Sharon L. Gleason*
                                             SHARON L. GLEASON
                                             UNITED STATES DISTRICT JUDGE

---

[13] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.